CATHERINE E. AROSTEGUI, SBN 118756
BEESON, TAYER & BODINE, APC
520 Capitol Mall, Suite 300
Sacramento, CA 95814-4714
Telephone: (916) 325-2100
Facsimile: (916) 325-2120
Email: carostegui@beesontayer.com

Attorneys for Plaintiff Trustees on Behalf of Supplemental Income 401(k) Plan

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| TRUSTEES ON BEHALF OF SUPPLEMENTAL INCOME 401(k) PLAN, Petitioner, v. REPUBLIC SERVICES, INC., dba REPUBLIC SERVICES OF SOUTHERN NEVADA, Debtor. | Case No.<br><br>**COMPLAINT** |
|---|---|

PLAINTIFF ALLEGES AS FOLLOWS:

### JURISDICTION AND VENUE

1. This action arises under the National Labor Relations Act, 29 U.S.C. § 185, and under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145 for the administration of trust fund business. This Court has jurisdiction pursuant to 29 U.S.C. 21 1132(e). This Court is the proper venue for this action as the Supplemental Income 401(k) Plan is administered in the County of San Francisco. 29 U.S.C. 21 1132(e)(2)

2. <u>Intradistrict Assignment</u>. The acts and/or omissions alleged herein arose in the County of San Francisco and thus this matter is properly assigned to the Oakland or San Francisco Division of the Northern District Court.

///

///

## PARTIES

3. Plaintiff Trustees on Behalf of Supplemental Income 401(k) Plan ("Plaintiff" or "Trust Fund") is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002 and 1132(d). Plaintiff is a "Trust Fund" originally established by a Trust Agreement. A copy of the Agreement and Declaration of Trust (restated as of August 6, 2009), and all Amendments, are attached as Exhibit "A."

4. Plaintiff is informed and believes, and on that basis alleges, that during all relevant times described in this complaint, Defendant Republic Services, Inc., dba Republic Services of Southern Nevada was a California corporation doing business in Las Vegas, Nevada.

## FACTUAL ALLEGATIONS

5. Defendant is signatory to a Collective Bargaining Agreement with Teamsters Local 631 which obligates Defendant to make contributions on behalf of its employees to a 401(k) Plan ("employer or non-elective contributions"). A true and correct copy of that Agreement is attached as Exhibit "B" and is incorporated by reference.

6. Defendant is also signatory to a Subscriber Agreement with Teamsters Local 631 making Defendant a participant in the Plaintiff Trust Fund and binding Defendant to the terms and conditions of the Trust Agreement referenced herein. A true and correct copy of the Subscriber's Agreement is attached as Exhibit "C" and is incorporated by reference.

7. Pursuant to the terms of the Trust Agreement and the Subscriber's Agreement, Defendant is bound to make contributions deferred to the Trust Fund by eligible employees to the Trust Fund ("elective contributions").

8. Pursuant to the terms of the Trust Agreement and Subscriber's Agreement, Defendant is bound to transmit the Contributions described above to the Trust Fund's Administrative Office immediately after each payroll period, or no less frequently than twice per month.

9. Transmission of said contributions must be in the format specified by the Trust Fund and completed within ten (10) calendar days of the pay period. Contributions are considered delinquent if not fully transmitted and received by the Trust Fund by the 15th calendar day following the pay period. If a transmission is delinquent, the Employer is bound to pay liquidated damages and

interest on the delinquent contributions. Specifically, Article XII, Section 3 provides for 6 percent (6%) liquidated damages (or $25.00, whichever is greater) for delinquent contribution amounts received less than two weeks past the due date or 12 percent (12%) liquidated damages (or $25.00, whichever is greater) for delinquent contribution amounts received later than two weeks past the due date. In addition, Article XII, Section 5, provides for the assessment of compound interest. This provision was updated in Amendment Number Two to the Trust Agreement, effective with contributions due on or after February 15, 2014.

## FIRST CAUSE OF ACTION

### Collection of Delinquencies

10. Plaintiff realleges and incorporates by reference the allegations set forth above, as though fully set forth herein.

11. This failure resulted in a deficiency of $42,644.04 owed to the Plaintiff; liquidated damages in the amount of $4,900.36 and interest in the amount of $37,743.68. A chart setting forth the true and correct amounts owed is attached as Exhibit "D."

12. Despite repeated attempts by the Plaintiff to collect these amounts, Defendant has not paid the outstanding liquidated damages and interest owed to the Plaintiff.

## SECOND CAUSE OF ACTION

### Audit and Accounting

13. Plaintiff realleges and incorporates by reference the allegations set forth above, as though fully set forth herein.

14. Pursuant to Article V, Section 5 of the Trust Agreement, upon request in writing from the Trust Fund, employers shall permit a certified public accountant selected by the Board of the Trust Fund to conduct an audit to determine whether the employer is making full and prompt payment of all sums it is required to pay to Trust Fund. Section 6 further provides that if an employer refuses the audit, the Employer shall be in breach of the Trust Agreement.

15. Plaintiff has made repeated attempts to secure certain payroll records for an audit covering the period of January 1, 2009 through the present, but Defendant has failed to comply with the audit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment ordering payment as follows:

1. Unpaid liquidated damages of $4,900.36 now due and owing through May 30, 2014;

2. Interest of $37,743.68 now due and owing through May 30, 2014;

3. Compliance with an audit covering the period of January 1, 2009 through the present;

4. Reasonable attorney's fees and costs in this action pursuant to 29 U.S.C. §1132(g)(2)(D), and the Trust Agreement; and

5. For such other and further relief as may be proper.

Dated: July 28, 2014

BEESON, TAYER & BODINE, APC

By: _____
CATHERINE E. AROSTEGUI
Attorneys for Plaintiff Trustees on Behalf of
Supplemental Income 401(k) Plan